FENNER, District Judge,
concurring in part and dissenting in part.
I respectfully dissent from Parts II.B and II.C of the court’s opinion. Under Federal Rule of Criminal Procedure 41(b)(4), a magistrate judge is authorized to issue a warrant to install a tracking devibe within - the magistrate’s district regardless of whether the movement of the *1053 person or . property being tracked moves outside of the district. Fed. R. Crim. P. 41(b)(4). As the majority acknowledged, Rule 41 is interpreted with flexibility in light of advances of technology. See United States v. New York Tel. Co., 434 U.S. 159, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977); United States v. Falls, 34 F.3d 674 (8th Cir. 1994). I believe the “installation” of the tracking device occurred where law enforcement attached the NIT to the flow of information, ie. the Eastern District of Virginia. See United States v. Jean, 207 F.Supp.3d 920, 942-43 (W.D. Ark. 2016) (reasoning that installation occurred in the Eastern District of Virginia because the NIT was designed to track the flow of intangible property and law- enforcement did not leave the jurisdiction to attach the NIT to the defendant’s computer). Given the flexibility with which Rule 41 is interpreted and the facts of this case, I would conclude that Rule 41 does encompass the NIT warrant and find no violation of Rule 41. I concur in the court’s opinion in all other respects.